UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON ZEIDMAN,

    Plaintiff,

v.                  CASE NO:

WALMART STORES EAST, LP,
D/B/A WAL-MART
SUPERCENTER,

    Defendant.
_____/

## DEFENDANT, WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, (hereinafter "Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Sixth Judicial Circuit Court in and for Pasco County, Florida, Case No. 2022-CA-002343CAAXW, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.   BACKGROUND

1. On or about September 10, 2022, Plaintiff commenced this action by filing a Complaint against Walmart in the Sixth Judicial Circuit Court in and for Pasco County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Walmart on September 14, 2022.

2. Plaintiff, SHARON ZEIDMAN, alleges a single claim of negligence against Walmart as a result of injuries she allegedly sustained on September 11, 2018 when she slipped and fell on a liquid substance on the floor of the premises.

3. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Sixth Judicial Circuit of the State of Florida in and for Pasco County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "B."

5. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

6. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Answers to Interrogatories. Plaintiff's Answers to Interrogatories are the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on March 6, 2023 when Plaintiff served Walmart with the Notice of Serving Answers to Interrogatories and Answers. *See* Ex. "C."

7. Venue exists in the United States District Court for the Middle District of Florida, because the Sixth Judicial District in and for Pasco County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

8. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

9. Wal-Mart Stores East, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership.

10. WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

11. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

12. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

13. Wal-Mart Stores, Inc. is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

14. The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.,) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

15. Hence, Defendant, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

16. Plaintiff, SHARON ZEIDMAN is a citizen of the State of Florida residing in Hillsborough County, Florida. Plaintiff is a not a citizen of Delaware or Arkansas. *See* Ex. "A" at ¶ 2.

17. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, the 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005).

18. Plaintiff's Complaint states that she is a resident and citizen of Collier County, Florida. *See* Ex. "A" at ¶ 2.

19. Plaintiff's domicile in Hillsborough County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick at 1257.

20. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.   AMOUNT IN CONTROVERSY

21. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

22. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceed $30,000.00" (Ex. A, ¶1) – a review of the full Complaint, Plaintiff's Answers to Interrogatories and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

23. Plaintiff alleged in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff ZEIDMAN suffered "bodily injury resulting in pain, suffering, disability, disfigurement, significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition" Ex. "A", ¶11.

24. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

25. "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

26. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's Answers to Interrogatories the amount in controversy exceeds the requisite $75,000.00.

27. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiffs' discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." <u>Stephenson v. Amica Mutual Insurance Company</u>, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

## V.   CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the Sixth Judicial Circuit in and for Collier County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2022-CA-002343CAAXW, on the docket of the Court for the Sixth Judicial Circuit in and for Pasco e of County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

/s/ Amanda J. Sharkey Ross
Amanda J. Sharkey Ross

I HEREBY CERTIFY that on March 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael C. Bird, Esq.
Morgan & Morgan Tampa P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: 813-577-4758
mbird@forthepeople.com
jclaud@forthepeople.com
ddickson@forthepeople.com
gsilveira@forthepeople.com
*Attorney for Plaintiff*

    /s/ Amanda J. Sharkey Ross
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
Henderson, Franklin, Starnes & Holt, P.A.
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1249
Facsimile (239) 344-1542
*Attorneys for Defendant*
amanda.ross@henlaw.com
tracey.salerno@henlaw.com